1  John S. Devlin III, WSBA No. 23988             Judge Rosanna Malouf Peterson
2  Abraham K. Lorber, WSBA No. 40668
   LANE POWELL PC
3  1420 Fifth Avenue, Suite 4100
   Seattle, Washington 98101-2338
4  Telephone:  206.223.7000
   Facsimile:  206.223.7107
5
6  Attorneys for Defendants Bank of
   America Corporation, ReconTrust
7  Company, N.A., Mortgage Electronic
   Registration Systems, Inc., and
8  MERSCORP, Inc.

9

10              UNITED STATES DISTRICT COURT
11              EASTERN DISTRICT OF WASHINGTON
                        AT SPOKANE
12

13  SAMUEL SALMON and ROXY          )
    SALMON,                         )
14                                  )   NO. 2:10-cv-00446-RMP
                       Plaintiff,   )
15                                  )   MEMORANDUM OF POINTS
         v.                         )   AND AUTHORITIES IN
16                                  )   SUPPORT OF DEFENDANTS'
    BANK OF AMERICA                 )   MOTION TO DISMISS
17  CORPORATION, RECONTRUST,        )   PURSUANT TO FED. R. CIV. P.
    M.E.R.S., and MERSCORP, INC.,   )   12(B)(6)
18                                  )
                                    )
19                     Defendants.  )
20  _____  )

21

22

23

24

25

26

MEMORANDUM OF POINTS AND AUTHORITIES IN              **LANE POWELL PC**
SUPPORT OF DEFENDANTS' MOTION TO DISMISS        1420 FIFTH AVENUE, SUITE 4100
CASE NO.  2:10-cv-00446-RMP                     SEATTLE, WASHINGTON  98101-2338
**116589.0269/1948290.2**                          206.223.7000 FAX: 206.223.7107

## I.    **INTRODUCTION**

Defendants Bank of America Corporation ("BofA"), ReconTrust Company, N.A.[1] ("ReconTrust"), Mortgage Electronic Registration Systems, Inc.[2] ("MERS"), and MERSCORP, Inc. ("MERSCORP") (collectively, "Defendants")[3] respectfully request that the Court dismiss the Complaint for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, Forgery, and Remuneration ("Complaint") of Plaintiffs Samuel Salmon and Roxy Salmon (the "Salmons") in its entirety, with prejudice, and without leave to amend pursuant to Fed. R. Civ. P. 12(b)(6).

Dismissal with prejudice is appropriate in this "wrongful foreclosure" case. The Salmons do not dispute that they took out a deed of trust mortgage secured by their home nor do they dispute that they defaulted on their mortgage. Rather, the Salmons put forth several theories as to why that Defendants do not have standing to foreclose. Taking the allegations in the Salmons' Complaint as true, each of these theories fails as a matter of law. Accordingly, the Salmons' Complaint should be dismissed with prejudice.

---

[1] ReconTrust Company, N.A. is improperly named in the Salmons' Complaint as "ReconTrust."

[2] Mortgage Electronic Registration Systems, Inc. is improperly named in the Salmons' Complaint as "M.E.R.S."

[3] ReconTrust is the only Defendant that has been served with a Summons and Complaint. Declaration of John S. Devlin in Support of Defendants' Motion to Dismiss ("Devlin Decl.") ¶ 2, Ex. A. Nevertheless, this Motion to Dismiss is brought on behalf of all Defendants.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 1
CASE NO. 2:10-cv-00446-RMP
116589.0269/1948290.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## II.    FACTS

On October 19, 2007, the Salmons executed a note (the "First Note") in favor of Countrywide Bank, FSB ("Countrywide Bank") evidencing Countrywide's loan of $417,000 to the Salmons.[4]  Note, Ex. F to Compl.; First Deed of Trust 1-2, Ex. A to Compl.[5]  The First Note was secured by a deed of trust (the "First Deed of Trust") for the real property commonly known as 917 A Philpott Rd., Colville, WA 99114-8278 (the "Property").  First Deed of Trust 1-3, Ex. A to Compl.  The First Deed of Trust was recorded in the Stevens County property records on October 26, 2007, under recording number 20070012467.  First Deed of Trust 1, Ex. A to Compl.

The First Deed of Trust states in relevant part:

**(E)  "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns.  **MERS is the beneficiary under this Security Instrument.**

* * *

TRANSFER OF RIGHTS IN THE PROPERTY
The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.

---

[4] Roxy Salmon signed the First Deed of Trust as "Roxy Salmon, Non Borrowing Spouse."  First Deed of Trust 10, Ex. A to Compl.

[5] The Salmons' Complaint and the exhibits thereto are attached as an Exhibit to the Declaration of Daniel A. Kittle in Support of ReconTrust Company's Notice of Removal (ECF No. 2).  For ease of presentation, Defendants cite directly to the Complaint without referencing the Kittle Declaration.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 2
CASE NO.  2:10-cv-00446-RMP
116589.0269/1948290.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

* * *

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right:  to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender[.]

*Id.* at 2-3 (emphasis in original).

Also on October 19, 2007, the Salmons[6] executed a second note (the "Second Note") in favor of Countrywide Bank evidencing Countrywide Bank's loan of $89,250 to the Salmons.  Second Deed of Trust 1-2, Ex. B to Compl. The Second Note was secured by a deed of trust (the "Second Deed of Trust") for the Property.  *Id.*  The Second Deed of Trust was recorded in the Stevens County property records on October 26, 2007, under recording number 20070012468. *Id.* at 1.

On September 17, 2010, MERS executed a Corporation Assignment of Deed of Trust (the "Assignment of Deed of Trust") assigning all beneficial interest in the First Deed of Trust to BAC Home Loans Servicing, LP ("BAC Home Loans").  Assignment of Deed of Trust, Ex. D to Compl.  The Assignment of Deed of Trust was recorded on September 23, 2010, under recording number 20100007023.  Assignment of Deed of Trust, Ex. D to Compl.

On September 17, 2010, BAC Home Loans executed an Appointment of Successor Trustee (the "Appointment of Successor Trustee") naming

---

[6] Roxy Salmon signed the Second Deed of Trust as "Roxy Salmon, Non Borrowing Spouse."  Second Deed of Trust 5, Ex. B to Compl.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 3
CASE NO.  2:10-cv-00446-RMP
116589.0269/1948290.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

ReconTrust as successor trustee under the First Deed of Trust.  Appointment of Successor Trustee, Ex. D to Compl.  The Appointment of Successor was recorded on September 23, 2010, under recording number 20100007024.  *Id.*

On September 1, 2010, BAC issued a notice of default (the "Notice of Default") and mailed the Notice of Default to the Salmons.  Notice of Default, Ex. C to Compl.  On October 2, 2010, ReconTrust executed a Notice of Trustee's Sale (the "Notice of Trustee's Sale") indicating that the Property would be sold pursuant to the Deed of Trust.  Notice of Trustee's Sale, Devlin Decl. ¶ 2, Ex. A.  The Notice of Trustee's Sale was recorded on October 22, 2010, under Stevens County recording number 2010 0007922.  *Id.*  According to the Notice of Trustee's Sale, the sale is scheduled to take place January 21, 2011.  *Id.*

The Notice of Trustee's Sale states that, at the time it was issued, the Salmons were $47,633.64 in arrears on their monthly payments under the First Note and First Deed of Trust.  *Id.*  The Salmons do not dispute this amount or the fact that they are in default.

### III.  ISSUE

Should the Salmons' Complaint be dismissed in its entirety, with prejudice, and without leave to amend pursuant to Fed. R. Civ. P. 12(b)(6)?

### IV.  EVIDENCE RELIED UPON

This Motion relies upon the Salmons' Complaint and exhibits attached thereto, the Devlin Declaration, and the pleadings and papers on file with the Court in this matter.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 4
CASE NO.  2:10-cv-00446-RMP
116589.0269/1948290.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

# V.    ARGUMENT

## A.    Motion to Dismiss Standard

A complaint – or any cause of action alleged therein – must be dismissed when it fails to state a claim upon which relief can be granted.    Fed. R. Civ. P. 12(b)(6).    A plaintiff fails to state a claim if his or her complaint does not allege sufficient facts which, if true, would provide adequate grounds for his or her entitlement to relief.    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).    More recently, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009),[7] the United States Supreme Court expanded upon its reasoning in *Twombly*, stating that:

> [T]he pleading standard under [Fed. R. Civ. P.] 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.    A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."    Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Iqbal*, 129 S.Ct. at 1949 (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter which, if accepted as true, "state[s] a claim to relief that is plausible on its face."    *Id.*    (*citing Twombly*, 550 U.S. at 570).    A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.    *Id.* (*citing Twombly*, 550 U.S. at 556).    In *Iqbal*, the Court reasoned that the

---

[7] Defendants are mindful of LR 7.1(g)(1) regarding citation to U.S. Supreme Court cases.    Defendants cite to the Supreme Court Reporter for *Iqbal* as the case has yet to be published in the United States Reports.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 5
CASE NO.  2:10-cv-00446-RMP
116589.0269/1948290.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

"plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

It is well established that a court may dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) without leave to amend where it is clear the amendment would serve no purpose. *See Havas v. Thornton*, 609 F.2d 372 (9th Cir. 1979).

For the reasons explained below, the Salmons' Complaint fails to establish any plausible basis for relief, and no amendment would cure this deficiency. Accordingly, the Salmons' Complaint should be dismissed with prejudice, in its entirety, and without leave to amend.

## B.     Landsafe Title was a Valid Trustee.

The Salmons argue that because Landsafe (the original trustee for the First Deed of Trust) was a subsidiary of Countrywide Bank (the original lender for the First Deed of Trust), Landsafe's status as purported trustee violates RCW 61.24.010(3) and RCW 61.24.020. Compl. 5-6. However, even if Landsafe was a subsidiary of Countrywide, appointing a subsidiary of the beneficiary as trustee is entirely valid under the Washington Deed of Trust Act ("DOTA").

RCW 61.24.010(3) provides that the trustee "shall have no fiduciary duty or fiduciary obligation to the grantor or other persons having an interest in the property subject to the deed of trust." Further, RCW 61.24.020 provides that "no person, corporation or association may be both trustee and beneficiary under the same deed of trust . . . ." However, case law and statutory authority clearly permit an agent of the beneficiary to act as trustee. *Cox v. Helenius*, 103 Wn.2d 383, 390, 693 P.2d 683 (1985) ("the Legislature specifically amended the statute in 1975 ***to allow an employee, agent or subsidiary*** of a beneficiary

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 6
CASE NO.  2:10-cv-00446-RMP
116589.0269/1948290.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1   to also be a trustee") (citing Laws of 1975, 1st Ex. Sess., ch. 129, § 2)
2   (emphasis added); *Meyers Way Development Ltd. Partnership*, 80 Wn. App.
3   655, 666, 910 P.2d 1308 (1996) (nothing prevents a trustee from "serving
4   simultaneously as the creditor's attorney, agent, employee or subsidiary")
5   (citing RCW 61.24.020); John A. Gose & Aleana W. Harris, 3 Washington Real
6   Property Deskbook § 21.7(1) (Washington State Bar Association 2009)
7   ("Although RCW 61.24.020 prohibits the same person or entity . . . to act as
8   trustee and beneficiary under one deed of trust, an employee, agent, or
9   ***subsidiary of the beneficiary may act as the trustee***.") (emphasis added).

10       Thus, nothing in the DOTA prevents Landsafe from acting as trustee for
11  the First Deed of Trust.  *Cox*, 103 Wn.2d at 390.  Indeed, the Salmons have not
12  alleged an actual conflict of interest in Landsafe's service as trustee, nor have
13  the Salmons asserted any facts upon which such a finding could conceivably be
14  made as required under the DOTA.  *See Cox*, 103 Wn.2d at 390.  Accordingly,
15  the Salmons have failed to state a claim for wrongful foreclosure based on
16  Landsafe's authority to serve as trustee, and the Salmons' claim that the First
17  Deed of Trust is invalid should therefore be dismissed with prejudice.

18  **C.    Landsafe was not Required to Resign as Trustee.**

19       The Salmons argue that because Landsafe never recorded its resignation,
20  the appointment of ReconTrust as successor trustee is invalid.  Compl. 6-7.
21  This argument fails because it is based on an erroneous reading of the DOTA.

22       Revised Code of Washington 61.24.010(2) provides that the Trustee
23  under a Deed of Trust "may resign at its own election ***or be replaced by the***
24  ***beneficiary***."  (emphasis added).  The trustee "***need not resign*** before being
25  replaced by a new trustee.  The beneficiary may simply appoint a new trustee."
26  John A. Gose & Aleana W. Harris, *Deeds of Trust*, in 3 Washington Real

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 7
CASE NO.  2:10-cv-00446-RMP
116589.0269/1948290.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

Property Deskbook § 21.6(3) (Washington State Bar Association 2009) (emphasis added). Recording of the Appointment of Successor Trustee vests the successor trustee with "all powers of an original trustee." RCW 61.24.010(2).

As noted above, BAC Home Loans (as beneficiary under the Deed of Trust) appointed ReconTrust as Successor Trustee and recorded the appointment on January 25, 2010. Appointment of Successor Trustee, Ex. D. to Compl. The Appointment of Successor Trustee vested ReconTrust with all authority of the original trustee. *See* RCW 61.24.010(2). Landsafe was not required to resign.

Thus, the Salmons' wrongful foreclosure claim based on the false premise that Landsafe was required to resign and record its resignation fails as a matter of law and should be dismissed with prejudice.

**D.** **The Salmons Fail to State a Plausible Claim for Improper Assignment.**

The Salmons claim that the First Deed of Trust was not properly assigned to BAC Home Loans. Compl. 10. In ostensible support of this claim, the Salmons cite various legal propositions regarding the content and recording of deeds. *Id.* at 7-10. To the extent that the Salmon's claim the Corporation Assignment Deed of Trust fails because it does not meet the requirements for deeds, such claim should be dismissed with prejudice.

The Salmons suggest (but do not expressly claim) that the Corporation Assignment Deed of Trust was invalid because it is not a deed. *Id.* at 8. Revised Code of Washington 64.04.010 requires all conveyances of real property to be made by deed:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 8 CASE NO.  2:10-cv-00446-RMP
116589.0269/1948290.2

> PROVIDED, That when real estate, or any interest therein, is held in trust, the terms and conditions of which trust are of record, and the instrument creating such trust authorizes the issuance of certificates or written evidence of any interest in said real estate under said trust, and authorizes the transfer of such certificates or evidence of interest by assignment by the holder thereof by a simple writing or by endorsement on the back of such certificate or evidence of interest or delivery thereof to the vendee, such transfer shall be valid, and all such assignments or transfers hereby authorized and heretofore made in accordance with the provisions of this section are hereby declared to be legal and valid.

Here, the recorded First Deed of Trust expressly established that the beneficiary's interest in the Property was held in trust. First Deed of Trust, 2-3, Ex. A to Compl. Moreover, the First Deed of Trust specifically contemplates that it may be transferred or assigned:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender, including, but not limited to, releasing and cancelling this Security Instrument.

*Id.* at 3.

Because the First Deed of Trust specifically contemplates that it may be assigned, such assignment may take place without fulfilling the formal requirements of deeds. RCW 64.04.010.

Notwithstanding that the formal requirements of deeds need not be met here, the Corporation Assignment of Deed of Trust ***does*** meet the requisites for deeds. Revised Code of Washington 64.04.020 provides:

> Every deed shall be in writing, signed by the party bound thereby, and acknowledged by the party before some person authorized by *this act to take acknowledgments of deeds.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 9
CASE NO. 2:10-cv-00446-RMP
116589.0269/1948290.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1    Here, the Corporation Assignment Deed of Trust is in writing, it is

2  acknowledged, it states the names of the grantor and grantee, it contains a

3  reference to the First Deed of Trust sufficient to establish the legal description[8],

4  and it states the nature of the estate that is being conveyed.    Corporation

5  Assignment of Deed of Trust, Ex. D to Compl.

6    Finally, the Salmons complain that the Corporation Assignment of Deed

7  of Trust was filed more than a year after BAC Home Loans began collecting

8  payments on the Loan.    Compl. 8.    However, the date the Corporation

9  Assignment of Deed of Trust was recorded is of no moment here.    As RCW

10  65.08.070 makes clear, a grantee's failure to promptly record a real property

11  document only affects that grantee's rights with respect to subsequent good

12  faith purchasers.    Because the Salmons do not allege they are such purchasers,

13  they cannot have obtained superior title by virtue of BAC Home Loan's alleged

14  delay in recording.

15    Accordingly, to the extent the Salmons claim that the Defendants'

16  foreclosure was invalidated by failure to comply with Washington statutes

17

18

19  _____

20  [8] *See Herrmann v. Hodin*, 58 Wn. 2d 441, 443, 364 P.3d 21 (1961) ("We have

21  held consistently that, in order to comply with the statute of frauds, a contract or

22  deed for the conveyance of land must contain a description of the land

23  sufficiently definite to locate it without recourse to oral testimony, *or else it*

24  *must contain a reference to another instrument which does contain a*

25  *sufficient description*.") (emphasis added) (quoting *Bigelow v. Mood*, 353 P.2d

26  429, 430 (1960)).

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 10
CASE NO.  2:10-cv-00446-RMP
116589.0269/1948290.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

relating to the content and recording of deeds, such claim should be dismissed with prejudice.

**E.   ReconTrust Complies with the DOTA by Maintaining an Address in Washington for Service of Process.**

The Salmons argue that ReconTrust fails to maintain a street address in Washington in violation of RCW 61.24.030(6).   Rev. Code of Wash. 61.24.030(6) requires the trustee to maintain a street address "where personal service of process may be made," as well as a physical presence and telephone service there, from the time prior to the date of the notice of trustee's sale through the date of the sale.

The Salmons' own Summons belies their claims.   The Summons states that the Salmons served the Summons on ReconTrust at 1801 West Bay Drive NW, Suite 206, Olympia, WA 98502.   Summons, 1.   The Summons also includes two phone numbers for ReconTrust.   *Id.*   The Salmons themselves have therefore established that ReconTrust maintains a Washington address and phone number pursuant to RCW 61.24.030(6).   Accordingly, the Salmons' claim to the contrary should be dismissed with prejudice.

**F.   MERS May Serve as Beneficiary under the First Deed of Trust.**

**1.   MERS's Role in the Present Transaction is Consistent With Washington Law.**   The Salmons claim that MERS did not have authority to assign the beneficial interest in the First Deed of Trust to BAC Home Loans. Compl. 10, 14-27.   This argument fails under Washington law.

The U.S. District Court for the Western District of Washington and many other courts have firmly established that MERS may validly serve as beneficiary under a deed of trust and assign the deed of trust to a subsequent beneficiary.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 11 CASE NO.  2:10-cv-00446-RMP
116589.0269/1948290.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1    In *Vawter v. Quality Loan Service*, 707 F. Supp. 2d 1115 (W.D. Wn.

2    2010), the Western District of Washington dismissed the plaintiff's challenge to

3    MERS's ability to serve as a nominee for the beneficiary under the DOTA and

4    also its ability appoint a successor trustee. *Id.* at 1126 ("'simply because MERS

5    registers documents in a database does not prove that MERS cannot be the legal

6    holder of the instrument'") (quoting *Moon v. GMAC Mortgage Corp.*, No. C08-

7    969Z, 2008 U.S. Dist. LEXIS 90912 (W.D. Wn. Oct. 24, 2008)).    Other

8    jurisdictions have held reached similar conclusions.    *See*, *e.g.*, *Blau v.

9    *America's Servicing Co.*, No. CV-08-773-PHX-MHM, 2009 WL 3174823, *7–

10    8 (D. Ariz. Sept. 29, 2009) (MERS was authorized to act on behalf of, and

11    exercise the rights of, the loan originator); *Jackson v. MERS, Inc.*, 770 N.W.2d

12    487 (Minn. 2009) (MERS need not record assignments of underlying

13    indebtedness to initiate foreclosure proceedings); *Mortgage Electronic

14    *Registration Systems, Inc., v. Azize*, 965 So.2d 151, 153–54 (Fla.App.2d 2007)

15    (MERS could serve as beneficiary under a note even if it did not hold beneficial

16    interest of that note).[9]

-------------------------------------------------------------------------------

[9] A nominee such as MERS is recognized to have the powers of a limited agent
and "is generally understood as a person designated to act in place of another."
*In re Huggins*, 357 B.R. 180, 183 (D. Mass. 2006) (holding that MERS has
standing to seek relief from bankruptcy stay); *see also* Gerald Korngold,
LEGAL AND POLICY CHOICES IN THE AFTERMATH OF THE
SUBPRIME AND MORTGAGE FINANCING CRISIS, 60 S.C. L. Rev. 727,
741–42 (2009) (describing history of MERS and stating that MERS "facilitates
(continued . . .)

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 12
CASE NO.  2:10-cv-00446-RMP
116589.0269/1948290.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

Further, the Salmons specifically agreed to MERS's role as nominee for the beneficiary when the Salmons executed the First Deed of Trust.  First Deed of Trust, 2-3, Ex. A to Compl. (stating that MERS is beneficiary under Deed of Trust and, as such, may foreclose).  The Salmons cannot complain of MERS's role because they received notice of it and expressly assented to it when they executed the Deed of Trust.  *See Tjart v. Smith Barney, Inc.*, 107 Wn. App. 885, 897, 28 P.3d 823 (2001), *review denied*, 145 Wn.2d 1027, *cert. denied*, 537 U.S. 954 (2002) ("One who accepts a written contract is conclusively presumed to know its contents and to assent to them . . . .").  Indeed, the Salmons do not allege that they made any objection to MERS role in the transaction or its assignment to BAC Home Loans **until they defaulted and were faced with foreclosure.**  The timing of the Salmons' Complaint only reinforces the conclusions of Washington law:  MERS's role in the transaction was permissible.

Here, as beneficiary under the First Deed of Trust, MERS assigned the First Deed of Trust to BAC Home Loans on September 17, 2010, recording the assignment on Sept. 23, 2010.  Assignment of Deed of Trust, Ex. D to Compl. Because MERS may validly serve as beneficiary under a deed of trust, such assignment was proper.  *See Vawter*, 707 F. Supp. 2d at 1126.  Because the Salmons' claims depends on the fatally flawed theory that MERS cannot transfer the beneficial interest in the First Deed of Trust, the Salmons have not

---

(. . . continued)

an efficient secondary market for residential mortgage loans by allowing the streamlined transfer of beneficial rights").

and cannot state any valid claims against Defendants as a matter of law. Accordingly, the Salmons' claims with respect to MERS's role in the transaction should be dismissed with prejudice.

**2.    The Salmons Fail to Establish that MERS's role in the Present Transaction is Prohibited Under Washington Law.**    The Salmons list approximately 36 cases, quotes, and other citations in their Complaint purporting to support their claim that MERS's assignment of the beneficial interest in the First Deed of Trust was invalid.  Compl., 14-27.  None of these cases apply Washington law or the DOTA.  The vast majority of them are not on point.

The Salmons cite the following cases that either make no mention of MERS or fail to address its ability to assign deeds of trust:

- *Wells Fargo Bank, N.A. v. Farmer*, Index No. 27296/07 (N.Y. Sup. Ct., Feb. 4, 2008);

- *Schneider v. Deutsche Bank Nat. Trust Co.*, No. 10-cv- 80259 (S.D. Fla., Feb. 25, 2010, ECF No. 8);

- *Vargas v. Educational Credit Management Corp.*, Adv. No. 08-8135 (Bankr. C.D. Ill., Jan. 12, 2010);

- *Quill v. Maddox*, No. 19052, 02-LW-2070 (2nd) (Ohio Ct. App. 2d Dist., May 31, 2002);

- *HSBC Bank USA, N.A. v. Thompson*, No. 23761 (Ohio Ct. App. 2d Dist., Sept. 3, 2010);

- *HSBC Bank USA, N.A. v. Antrobus*, 20 Misc.3d 1127(A), 2008 WL 2928553 (S. Ct. N.Y., Kings Co., July 31, 2008);

- *HSBC v. Charlevagne*, 20 Misc.3d 1128(A), 2008 WL 2954767 (S. Ct. N.Y., Kings Co., Aug. 4, 2008);

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 14
CASE NO.  2:10-cv-00446-RMP
116589.0269/1948290.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

- *Kluge v. Fugazy*, 145 A.D.2d 537 (S.Ct., App. Div., 2d Dep't, Dec. 19, 1988);

- *Johnson v. Melnikoff*, 65 A.D.3d 519 (S.Ct. App. Div., 2d Dep't, Aug. 4, 2009).

The Salmons cite cases several in which MERS attempted to bring a judicial foreclosure against a borrower in its own name.  These cases are not on point because here, the **non-judicial foreclosure** was brought by BAC Home Loans, the party to whom the First Deed of Trust and underlying First Note were assigned.  These inapposite cases are:

- *Mortgage Electronic Registration Systems, Inc. v. Saunders*, 2 A.3d 289 (Me. S. Ct. 2010);

- *Mortgage Electronic Registration Systems, Inc. v. Folkes*, N.Y. No. 109824/05, 2010 WL 3068028 (S. Ct. N.Y., N.Y. Co., July 21, 2010);

- *Mortgage Electronic Registration Sys., Inc. v. Johnston*, No. 420-6-09 Rdcv (Vt., Oct. 28, 2009);

- *In re Mitchell*, 423 B.R. 914 (D.Nev. 2009);

- *Mortgage Electronic Registration Systems, Inc. v. Coakley*, 41 A.D.3d 674 (S. Ct. N.Y., App. Div., June 19, 2007) (noting that MERS *did* have standing to foreclose due to the "clear and unequivocal terms of the mortgage instrument");

- *Mortgage Electronic Registration Systems, Inc. v. Ramdoolar*, Index No. 019863/2005 (N.Y. S. Ct., Suffolk Co., Mar. 27, 2006);

- *Mortgage Electronic Registration Systems, Inc. v. Standford*, Index No. 2564-05 (N.Y. S. Ct., Suffolk Co., June 12, 2010);

- *Mortgage Electronic Registration Systems, Inc. v. Palmore-Archer*, Index No. 19947/08 (N.Y. S. Ct., Queens Co., June 14, 2010);

- *Mortgage Electronic Registration Systems, Inc. v. Girdvainis*, No. 2005-CP-43-0278 (S.C. Ct. of Common Pleas, Sumter Co., Jan. 19, 2006).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 15
CASE NO.  2:10-cv-00446-RMP
116589.0269/1948290.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

The Salmons also cite cases in which the lender's attempt to judicially foreclose was stopped because the lender had not received assignment of the mortgage at the time the judicial foreclosure action was initiated. These cases are inapposite because the present action is a non-judicial foreclosure and the Assignment of Deed of Trust was in fact executed and recorded before non-judicial foreclosure proceeding were initiated. *Compare* Assignment of Deed of Trust, Ex. D to Compl. (recorded Sept. 23, 2010) *with* Notice of Trustee's Sale, Devlin Decl. ¶ 3, Ex. B (recorded Oct. 22, 2010) These cases are:

- *Wells Fargo Bank, N.A. v. Jordan*, No. 91675 (Ohio Ct. App., Mar. 12, 2009);

- *Bank of N.Y. v. Cerullo*, Index No. 11217/07 (N.Y. Sup. Ct., Mar. 31, 2010);

- *HSBC Bank, USA v. Feld*, Index No. 21301/08 (N.Y Sup. Ct., Aug. 5, 2009).

The Salmons cite cases in which MERS's transfer of the mortgage was called into question, but there was a dispute among the creditors as to who owned the mortgage. These cases are not applicable here because there is no dispute among creditors as to who owns the Salmons' First Note and First Deed of Trust. These cases are:

- *J.P. Morgan Chase v. New Millennial, LLC*, 6 So.3d 681 (Fla.App. 2d Dist 2009);

- *In re Walker, Bankr.*, No. 10-21656-E-11 (E.D. Cal., May 20, 2010).

The Salmons cite the following miscellaneous cases that are simply not on point:

- *In re Wilhem*, 407 B.R. 392 (Bnktrcy. D. Idaho 2009) – In this set of consolidated cases, various lenders sought to lift the bankruptcy stay and proceed with the foreclosure of the debtor's property. *Id.* at 394. The court held that the stay would remain in force because the lenders

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 16
CASE NO.  2:10-cv-00446-RMP
116589.0269/1948290.2

did not present sufficient evidence that they owned the note. *Id.* at 403-405. This case is not applicable here because the Salmons sued the Defendants and the Salmons have the burden of proving that the Defendants do not own the note. In *Wilhelm*, the burden was on the defendants. *Id.* at 404;

- *In re Foreclosure of Tax Liens by Proceeding in Rem Pursuant to Article 11 of the Real Property Tax Law by the County of Wayne Regarding 2007 Town/County Tax*, Index No. 63536 (N.Y. S. Ct., Mar. 24, 2010) – In this case, MERS's motion to set aside a tax foreclosure was denied despite the county's failure to give notice to MERS. This case has nothing to do with MERS's ability to assign a deed of trust.

- *The Union Bank Co. v. N.C. Furniture Express, LLC*, Nos. 2-10-01, 2-10-02 (Ohio Ct. App., Sept. 7, 2010) – The court held merely that a purported assignee of MERS was not the proper party to initiate judicial foreclosure proceedings because the trial court had previously issued a default judgment foreclosing on MERS's interest in the property. *Id.* at ¶¶ 15-20;

- *MERS, Inc. v. Nebraska Dep't of Banking and Finance*, 704 N.W.2d 784 (Neb. 2005) – This case holds that MERS does not qualify as a "mortgage banker" under Nebraska law for state regulatory purposes.

The Salmons cite additional cases that do not apply or interpret Washington law or the DOTA. Accordingly, these cases are not persuasive in light of *Vawter*, which is directly on point to the facts of this case and interprets Washington law. These cases are:

- *Landmark Nat'l Bank v. Kesler*, 289 Kan. 528, 216 P.3d 158 (2009);

- *Bank of New York Mellon v. Bustruc*, Index No. 15127/09 (N.Y. Sup. Ct., Nov. 23, 2009);

- *Weingartner v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276 (D.Nev. 2010);

- *LaSalle v. Lamy*, No. 030049/2005, 2006 WL 2251721 (N.Y. Supp., Aug. 7, 2006);

- *Wachovia Bank, N.A. v. Brenner*, Index No. 014812/09 (N.Y. S. Ct., Nassau Co., Aug. 17, 2010);

- *WM Specialty Mortgage v. Ramirez*, Index No. 7458/08 (N.Y. S. Ct., Queens Co., Mar. 23, 2010);

- *Mortgage Electronic Registration Systems, Inc. v. Mortgage Electronic Registration Systems, Inc.* Index No. 002821/2004 (N.Y. S. Ct., Onondaga Co., June 8, 2004) (summary providing only that case was "disposed of" in the "pre-judgment" stages of proceeding);

- *In re Foreclosure Cases*, Nos. 1:07 CV2282, 2532, 2560, 2602, 2631, 2638, 2681, 2695, 2920, 2930, 2949, 2950, 3000, 3029, 2007 WL 3232430 (N.D. Ohio, Oct. 31, 2007);

- *BAC Funding Consortium, Inc. v. Jean-Jacques*, 28 So.3d 936 (Fla. D. Ct. App., 2d Cir., Feb. 12, 2010).

In sum, the Salmons fail to offer any authority that suggests that MERS's actions in the instant case were in violation of Washington law. Accordingly, the Salmons' claim that MERS had no authority to transfer the beneficial interest in the First Deed of Trust should be dismissed with prejudice.

## G.    The Salmons Fail to State a Plausible Claim for Forgery.

The Salmons claim that the copy of the Note submitted with the Notice of Trustee sale is a forgery. Compl., 13-14. However, the Salmons fail to explain how the allegedly "forged" Note is different from the original note they signed. Indeed, the Salmons fail to support their claim of forgery with anything but conclusory allegations.

The Salmons attempt to state a claim for forgery under RCW 9A.60.020. Compl. 13. Chapter 9A.60 is titled "Fraud". The chapter provides criminal penalties for various types of fraud, including forgery. RCW 9A.60. It is therefore clear that forgery is a type of fraud. *See also McInnis & Co. v. Western Tractor & Equipment Co.*, 63 Wn.2d 652, 388 P.2d 562 (1964) (not

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 18 CASE NO.  2:10-cv-00446-RMP
116589.0269/1948290.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

necessary to use the word fraud in complaint if constructive fraud is pled) (*citing Champlin v. Transport Motor Co.*, 177 Wn. 659, 33 P.2d 82 (1934); *Stanley v. Parsons*, 156 Wn. 217, 286 P.654 (1930)).

Federal Rule of Civil Procedure 9(b) provides:  "In alleging fraud or mistake, a party must allege with particularity the circumstances constituting fraud or mistake ."  A plaintiff alleging must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).  In addition, "[s]uch allegations must define the specific involvement of the individual defendants."  *ITI Internet Servs., Inc. v. Solana Capital Partners, Inc.*, 2006 WL 1789029 *1, *8 (W.D. Wash. 2006) (*citing Schreiber Dist. v. Serv-Well Furniture*, 806 F.2d 1393 (9th Cir. 1986)).

Here, the Salmons' forgery claim lacks any specificity whatsoever.[10]  The Salmons fail to describe the forgery in even a conclusory manner.  Accordingly, 12(b)(6) dismissal of the forgery claim is appropriate.

---

[10]  Indeed, the Salmons' Complaint suggests that they do not possess any evidence of fraud or forgery.  The Salmons ask that the Court appoint an expert to examine the Note to determine whether it is forged.  Compl. 13.  Thus, the Salmons seek to burden the Defendants with a lawsuit until the Defendants affirmatively prove the Note is not forged.  This inappropriate attempt at burden shifting cannot be cured by any amendment and the forgery claim should be dismissed with prejudice.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 19
CASE NO.  2:10-cv-00446-RMP
116589.0269/1948290.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## VI.  CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court dismiss the Salmons' Complaint in its entirety, with prejudice, and without leave to amend pursuant to Fed. R. Civ. P. 12(b)(6).

DATED:  December 27, 2010

LANE POWELL PC


/s *John S. Devlin*
John S. Devlin III, WSBA No. 23988
Abraham K. Lorber, WSBA No. 40668
Attorneys for Defendants Bank of America Corporation, ReconTrust Company, N.A., Mortgage Electronic Registration Systems, Inc., and MERSCORP, Inc.

1

## CERTIFICATE OF SERVICE

2

I hereby declare under penalty of perjury under the laws of the United

3

States and State of Washington that on the 27th day of December, 2010, I

4

caused true and correct copy of the foregoing document to be served on the

5

following persons and in the manner indicated:

6

7

8

Samuel Salmon and Roxy Salmon

9

917C Philpott Rd.
Colville, WA 99114

10

☐ by **CM/ECF**
☐ by **Electronic Mail**
☐ by **Facsimile Transmission**
☑ by **Certified Mail / Return Receipt Requested**
☐ by **Hand Delivery**
☐ by **Overnight Delivery**

11

12

DATED this 27th day of December, 2010.

13

14

_s/Leah Burrus_

15

Leah Burrus

16

17

18

19

20

21

22

23

24

25

26

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 21
CASE NO.  2:10-cv-00446-RMP
116589.0269/1948290.2