UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAMUEL SALMON and ROXY SALMON,<br><br>                          Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA CORPORATION, RECONTRUST, M.E.R.S., MERSCORP, INC.,<br><br>                      Defendants. | NO:  CV-10-446-RMP<br><br>**ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND, AND MOTION TO DISMISS** |

This matter comes before the Court on the motion to dismiss, **ECF No. 4**, by

Defendants Bank of America Corporation ("Bank of America"), ReconTrust

Company, N.A. ("ReconTrust"), Mortgage Electronic Registration Systems, Inc.

("MERS"), and MERSCORP, Inc. ("MERSCORP")[1], the motion to remand and

---

[1] The Court notes that ReconTrust is the only Defendant to have been served with a

Summons and Complaint, but despite the lack of service, that all of the Defendants

jointly move to dismiss.

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND,
AND MOTION TO DISMISS ~ 1

strike, **ECF No. 11**, by *pro se* Plaintiffs Samuel Salmon and Roxy Salmon (the "Salmons"), and the motion to disqualify counsel, **ECF No. 22**, also by the Salmons.

The Salmons took out a deed of trust mortgage that was secured by their property. The Salmons defaulted on their mortgage, and the Defendants foreclosed on the property. The Salmons filed the present lawsuit disputing the Defendants' standing or authority to foreclose.

In making its determination in this matter, the Court reviewed Defendants' motion, ECF No. 4, and supporting memorandum, ECF No. 5, and declaration and exhibits, ECF No. 6, Plaintiffs' response, ECF No. 19, and declaration and exhibits in opposition to the motion, ECF No. 20, and Defendants' reply, ECF No. 27; Plaintiffs' motion to remand and strike, ECF No. 11, and supporting affidavit, ECF No. 12, Defendants' response, ECF No. 30, and Plaintiffs' reply, ECF No. 31; and Plaintiffs' motion to disqualify counsel, ECF No. 22, and supporting memorandum, ECF No. 23, and Defendants' response, ECF No. 28.

## BACKGROUND

The Salmons executed[2] a note ("First Note") on October 19, 2007, in favor

---

[2] Roxy Salmon signed the First Deed of Trust as "Non Borrowing Spouse." ECF No. 2-3 at 52.

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND, AND MOTION TO DISMISS ~ 2

of Countrywide Bank, FSB ("Countrywide Bank") evidencing the right of

Countrywide Bank to payment from the Salmons for a $417,000.00 home loan.

ECF No. 2-3 at 77.  The First Note was secured by a deed of trust ("First Deed of

Trust") for the real property commonly known as 917 A Philpott Rd., Colville,

WA 99114-8278 (the "Property").  ECF No. 2-3 at 43-45.  The First Deed of Trust

was recorded on October 26, 2007, in the Stevens County property records under

recording number 20070012467.  ECF No. 2-3 at 43.

The First Deed of Trust named Countrywide Bank as the lender and

Landsafe Title of Washington ("Landsafe Title") as the trustee.  ECF No. 2-3 at

43-44.  The First Deed of Trust further named MERS as the beneficiary and

provided, in relevant part:

> (E) "MERS" is Mortgage Electronic Registration Systems, Inc.
> MERS is a separate corporation that is acting solely as nominee for
> Lender and Lender's successors and assigns. MERS is the beneficiary
> under this Security Instrument.
> * * *
> TRANSFER OF RIGHTS IN THE PROPERTY
> The beneficiary of this Security Instrument is MERS (solely as
> nominee for Lender and Lender's successors and assigns) and the
> successors and assigns of MERS.
>
> * * *
> Borrower understands and agrees that MERS holds only legal title to
> the interests granted by Borrower in this Security Instrument, but if
> necessary to comply with law or custom, MERS (as nominee for
> Lender and Lender's successors and assigns) has the right: to exercise
> any or all of those interests, including, but not limited to, the right to

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND,
AND MOTION TO DISMISS ~ 3

foreclose and sell the Property; and to take any action required of Lender[.]

ECF No. 2-3 at 44.

The Salmons executed[3] a second deed of trust ("Second Deed of Trust") on October 19, 2007, that secured a second note ("Second Note"), executed by the Salmons on October 19, 2007, in favor of Countrywide Bank for a $89,250.00 home equity line of credit loan. ECF No. 2-3 at 55-56. The Second Note is referred to in the Second Deed of Trust but is not itself included in the record before the Court. The Second Deed of Trust was recorded on October 26, 2007, in the Stevens County property records under recording number 20070012468. ECF No. 2-3 at 55. The Second Deed of Trust identifies Countrywide Bank as the lender, Landsafe Title of Washington as the trustee, and MERS as the beneficiary. ECF No. 2-3 at 55-56.

On September 1, 2010, BAC Home Loans Servicing, LP, F/K/A Countrywide Home Loans Servicing LP ("BAC Home Loans") and ReconTrust issued a notice of default (the "Notice of Default"), received by mail by the Salmons. ECF No. 2-3 at 61-66; *see also* ECF No. 2-3 at 20.

---

[3] Roxy Salmon signed the Second Deed of Trust as "Non Borrowing Spouse." ECF No. 2-3 at 59.

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND, AND MOTION TO DISMISS ~ 4

On September 17, 2010, MERS executed a Corporation Assignment of Deed of Trust (the "Assignment of Deed of Trust") assigning all beneficial interest in the First Deed of Trust to BAC Home Loans. ECF No. 2-3 at 67.  The Assignment of Deed of Trust was recorded on September 23, 2010, under recording number 20100007023.  ECF No. 2-3 at 67.

On September 17, 2010, BAC Home Loans, as beneficiary, executed an Appointment of Successor Trustee (the "Appointment of Successor Trustee") causing resignation of Landsafe Title as trustee and naming ReconTrust as successor trustee under the First Deed of Trust.  ECF No. 2-3 at 68.  The Appointment of Successor was recorded on September 23, 2010, under recording number 20100007024.  ECF No. 2-3 at 68.

On October 2, 2010, ReconTrust executed a Notice of Trustee's Sale (the "Notice of Trustee's Sale") indicating that the Property would be sold pursuant to the Deed of Trust.  ECF Nos. 2-3 at 72; 6-1 at 7. The Notice of Trustee's Sale was recorded on October 22, 2010, under Stevens County recording number 2010 0007922.  ECF No. 6-1 at 7.  The Notice of Trustee's Sale states that, at the time it was issued, the Salmons were $47,633.64 in arrears on their monthly payments under the First Note and First Deed of Trust.  ECF Nos. 2-3 at 72; 6-1 at 7.  The Salmons do not dispute this amount or the fact that they are in default.

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND, AND MOTION TO DISMISS ~ 5

On November 17, 2010, the Salmons filed a complaint in Stevens County Superior Court against Defendants Bank of America, ReconTrust, MERS, and MERSCORP, as well as against individual Defendants "Brian Thomas Moynihan, Bank of America CEO since Jan 2010" and "Kenneth D. Lewis, Bank of America CEO from April 2001 to Jan 2010." ECF No. 2-3 at 13-16.  Plaintiffs' complaint seeks a temporary restraining order, a preliminary injunction, a permanent injunction, for "any and all claims the Defendants are pursuing" against the Plaintiffs and/or their property and remuneration.  ECF No. 2-3 at 39.  The Salmons also indicated that if the Defendants did not produce the original First Note within 30 days, the Salmons would "press forgery charges pursuant to RCW 9A.60.020[,]"[4] and seek "remuneration of fraudulently collected monies paid to illegally represented lenders Bank of America FKA Countrywide, and interest at 6.75%  with the total amount of $87,756.26 + case fees[.]"  ECF No. 2-3 at 40.

On or about November 20, 2010, the Salmons served ReconTrust by mail.  ECF No. 2-7 at 89.  There is no indication that they have served any of the other Defendants.  On November 29, 2010, the Salmons moved for a temporary

---

[4] The Salmons indicate in ECF No. 19 that they voluntarily dismiss their claim of forgery from this civil suit.  ECF No. 19 at 9.

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND, AND MOTION TO DISMISS ~ 6

restraining order and preliminary injunction restraining the trustee from carrying

out the foreclosure sale.  ECF No. 2-4 at 80-81.

On December 3, 2010, the Salmons filed a Notice of Lis Pendens in the

Stevens County action, attaching a lis pendens filed in the Stevens County property

records.  ECF Nos. 2-5 at 83-84; 29-1.

On December 6, 2010, the Stevens County Superior Court found that it was

"unable to issue a Temporary Restraining Order" because the Plaintiffs' motion did

not support the motion with a sworn and signed affidavit or declaration or comply

with the requirements of RCW 61.24.130(1) or (2).  On December 9, 2010, Mr.

Salmon submitted a sworn affidavit of fact.  ECF No. 25-3.  On December 14,

2010, the Stevens County Superior Court denied Plaintiffs' motion for a temporary

restraining order and preliminary injunction.  ECF No. 25-5 at 2.

Based on the diversity of citizenship of the parties, ReconTrust removed the

case from Stevens County to federal court in the Eastern District of Washington on

December 20, 2010.  ECF No. 1.  On January 5, 2011, Defense counsel sent the

Salmons a letter demanding withdrawal of the lis pendens.  ECF No. 23-1 at 2-3.

That letter provides in part:

> Because the [present action to enjoin the trustee's sale] does not affect
> title to real property, we request that you stipulate to the cancellation
> of the Lis Pendens by executing the enclosed Stipulation and Order
> and returning it to us.  Please sign and date the Stipulation and sign
> the Order.

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND,
AND MOTION TO DISMISS ~ 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> If you do not sign and return the Stipulation and Order to us by January 14, 2010 [sic], Bank of America will be forced to bring a motion to cancel the Lis Pendens.  Please be advised that if Bank of America prevails on such a motion, it will be entitled to a mandatory award of its reasonable attorney fees incurred in canceling the lis pendens [sic] under RCW 4.28.328(2).

ECF No. 23-1 at 2.

## ANALYSIS

This Court exercises jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and, therefore, applies Washington State substantive law.  *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).

As a preliminary matter, the Court addresses the Salmons' motions to remand and strike, ECF No. 11, and to disqualify counsel, ECF No. 22.

### A. Motion to Strike and Remand

The Salmons move to remand on the basis that there is not complete diversity of citizenship in this matter to satisfy the requirements of 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because, the Salmons argue: (1) Defendants Bank of America, ReconTrust, and MERS are Washington citizens on the basis that they registered with the Washington Secretary of State; and (2) Defendants are being sued "under their corporations' fictitious names."  ECF No. 22 at 3.  The Salmons filed their motion to remand on January 24, 2011.  ECF No. 22.

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND, AND MOTION TO DISMISS ~ 8

Diversity jurisdiction exists only when the parties are in complete diversity and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  This Court applies state law regarding fictitious-named defendants to complaints originally filed in state court.  *Cabrales v. The County of Los Angeles*, 864 F.2d 1454, 1463-1464 (9th Cir.1988), *vacated on other grounds*, 490 U.S. 1087 (1989), *opinion reinstated by* 886 F.2d 235, 236 (9th Cir.1989).  The phrase "fictitious names" refers to a defendant whose identity is unknown to plaintiff at the time he or she files the lawsuit, so plaintiff refers to the defendant using the fictitious name of "John Doe" or "Jane Doe."  *See, e.g., Bresina v. Ace Paving Co.*, 89 Wn. App. 277 (Wash. App. Div. 2 1997); 3A Wash. Prac., Rules Practice CR 3 (5th Ed. 2008).  All of the Defendants in this action are named; their identities were not unknown to Plaintiffs at the time of filing the suit.  Their corporation names do not qualify as "fictitious names."  Therefore, this Court considers the corporations' legal citizenships for purposes of assessing the propriety of jurisdiction on the basis of 28 U.S.C. § 1332.

A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1).  Bank of America is a Delaware corporation with its principal place of business in North Carolina.  ECF No. 2 at 2-3.  MERS and MERSCORPS are

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND, AND MOTION TO DISMISS ~ 9

Delaware corporations that maintain their principal places of business in Virginia. ECF No. 2 at 3. ReconTrust is a national banking association. For diversity purposes, a national bank is a citizen of the state designated in its articles of association as locus of its main office; a national bank is not a citizen of every state where it has branch offices. *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006); 28 U.S.C. § 1348. According to this rule, ReconTrust is a citizen of California. ECF No. 2 at 3. The individual defendants are citizens of Massachusetts and North Carolina, respectively. ECF No. 2 at 3. Given that the Salmons are citizens of Washington, complete diversity exists, and this matter was properly removed to this Court under 28 U.S.C. § 1441.

The Salmons further move to strike, pursuant to Fed. R. Civ. P. 12(f), all pleadings submitted by the corporate Defendants' counsel in this matter on the basis that the Salmons have not received proof that counsel is legally authorized to represent Defendants in this matter.

Defense counsel entered a notice of appearance on behalf of Bank of America in Stevens County Superior Court on December 10, 2010. ECF No. 25-4 at 17. That same counsel, John Devlin, has filed numerous pleadings on behalf of Defendants Bank of America, ReconTrust, MERS, and MERSCORP in this Court since removing the case to the Eastern District of Washington. *See, e.g.,* ECF Nos. 4; 25. The Local Rules in place in this District provide that "the filing of any

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND, AND MOTION TO DISMISS ~ 10

document shall constitute an appearance by the attorney who signs it." LR 83.2(d). The corporate Defendants' counsel has clearly indicated that he represents those Defendants for purposes of this action.  Therefore, the Court denies the Salmons' motion to remand the case to state court and to strike documents submitted by Defendants' counsel.

### B. Motion to Disqualify

The Salmons also move to disqualify Bank of America's counsel in this matter on the basis of a letter sent by Bank of America through its counsel that the Salmons perceived as threatening and coercive and that the Salmons allege are in violation of sections (c), (d), and (e) of Washington's Rule of Professional Conduct ("RPC") 8.4, defining professional misconduct.

> RPC 8.4 provides that it is professional misconduct for an attorney to:
> (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
> (d) engage in conduct that is prejudicial to the administration of justice; [or]
> (e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law[.]

The corporate Defendants refer the Court to RCW 4.28.328 and Washington case law, *Bramall v. Wales*, 29 Wn. App. 390 (Wash. App. 1981) (per curiam), to support that the letter, quoted above, was written in good faith and within the bounds of the RPCs.  The Court finds that

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND, AND MOTION TO DISMISS ~ 11

counsel's statements in the letter at issue here were truthful and accurate

reflections of Washington law as supported by RCW 4.28.328, which

authorizes attorneys' fees for a party who prevails on a motion to cancel a lis

pendens in an action such as this, and *Bramall*, 29 Wn. App. 290, which

holds that a lis pendens is properly filed only in an action affecting the title

to real property.

The Court, therefore, finds no violation of the Rules of Professional

Conduct and denies Plaintiffs' motion to disqualify Defendants' counsel.

### C. Motion to Dismiss

<u>Motion to Dismiss Standard</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the

legal sufficiency of the pleadings. *Navarro v. Bloc*k, 250 F.3d 729, 732 (9th Cir.

2001). In ruling on a motion under Rule 12(b)(6), a court must construe the

pleadings in the light most favorable to the plaintiff and accept all material factual

allegations in the complaint, as well as any reasonable inferences drawn therefrom.

*Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

A complaint may be dismissed for failure to state a claim where the factual

allegations do not raise the right to relief above the speculative level. *Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).

"[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND,
AND MOTION TO DISMISS ~ 12

content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

<u>Claim for Restraint Against Trustee's Sale under Washington's Deeds of Trust Act, Chapter 61.24 RCW</u>

The Salmons' lawsuit raises numerous challenges to whether the property at 917 A Philpott Rd. may legally be sold under Washington's Deeds of Trust Act, Chapter 61.24 RCW. The Deeds of Trust Act requires a beneficiary or trustee to follow certain procedures to carry out a nonjudicial foreclosure of a debt secured by a deed of trust. *CHD, Inc. v. Boyles*, 138 Wn. App. 131, 136 (Wash. App. Div. 3, 1997). To enjoin the foreclosure and sale of real property by the trustee or a successor trustee, the Salmons, as grantors, must: (1) give five days' notice to the trustee and the beneficiary of the time and place of the hearing on the injunction; (2) show a proper ground to restrain the sale[5]; and (3) in the event that the Court grants a temporary restraining order or injunction, must bring their obligation under the deed of trust current by making payments to the Court during the pendency of the injunction. RCW 61.24.130(1) and (2); *see also In re Marriage of*

---

[5] The Court finds no indication in the record that the Salmons provided the five days' notice required by RCW 61.24.130(2).

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND, AND MOTION TO DISMISS ~ 13

*Kaseburg*, 126 Wn. App. 546, 558 (Wash. App. Div. 2, 2005) ("The [Deeds of Trust] Act provides the sole method to contest and enjoin a foreclosure sale under RCW 61.24.130(1)").

 To support that there is a "proper ground" to restrain the trustee's sale of the 917 A Philpott Rd. property, the Salmons' allege numerous deficiencies by one or more of the corporate Defendants in the Salmons' complaint and their opposition to the motion to dismiss.

The Court addresses each allegation of deficiency in turn.

### *Real Parties in Interest*

The Salmons maintain that the failure of Bank of America, and of the other corporate Defendants, to produce to the Salmons proof of ownership of the First Note, which is secured by the First Deed of Trust that is the subject of the foreclosure action, provides the Salmons with a defense against foreclosure. However, the Deeds of Trust Act does not require that the trustee or beneficiary provide the grantor/debtor with proof of ownership of the promissory note as one of the "requisites to [the] trustee's sale." RCW 61.24.030(7). Accordingly, courts "have routinely held that [Plaintiffs'] 'show me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, *2 (W.D.Wash. 2010) (quoting *Diessner v. Mortgage Electronic Registration Systems*, 618

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND, AND MOTION TO DISMISS ~ 14

F.Supp.2d 1184, 1187 (D. Ariz. 2009) (collecting cases)).  The Court finds that with regard to this argument the Plaintiffs do not state a plausible claim for relief.

### *MERS as a "Ghost Beneficiary" with No Standing*

The Plaintiffs restate the argument discussed above as an argument that the foreclosure cannot proceed because MERS has not proven itself to be the original beneficiary of the First Deed of Trust because it has not produced evidence to show that it is the holder of the First Note.  The Salmons rely on RCW 61.24.005(2), which defines "beneficiary" as "the holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation."  However, as stated above, a "show me the note" argument is not a basis to avoid dismissal of Plaintiffs' claims.  *See Diessner*, 618 F.Supp.2d at 1187; *see also Warren v. Sierra Pacific Mortg. Services Inc.*, 2011 WL 1526957, *5 (D.Ariz., Apr. 22, 2011).  Therefore, the Court finds that with regard to this argument that Plaintiffs do not state a plausible claim for relief.

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND,
AND MOTION TO DISMISS ~ 15

### *Breach of "Fiduciary Duty"*

The Salmons maintain that Landsafe Title of Washington and its successor trustee ReconTrust violated a prohibition under RCW 61.24.010 against the trustee having a fiduciary obligation to the grantor.  The Salmons also contend that Landsafe Title of Washington and Recontrust violated RCW 61.24.020, which provides that "no person, corporation, or association may be both trustee and beneficiary under the same deed of trust."  These arguments are based on the assertion that Landsafe Title is a subsidiary of Countrywide and that Recontrust is a subsidiary of Bank of America.  However, a subsidiary or a person or entity otherwise acting as agent for the beneficiary may serve as trustee under the Deeds of Trust Act.  *See Cox v. Helenius*, 103 Wn.2d 383, 390 (Wash. 1985).  Therefore, the Court finds that with regard to this argument the Plaintiffs do not state a plausible claim for relief.

### *"Fake" Notarization on Assignment of Deed of Trust*

The Salmons assert that the notarization of the Assignment of Deed of Trust and the Appointment of Successor Trustee are invalid because those notarization stamps are dated three days after the date those documents were purportedly signed.  Washington State law requires that a notary "determine and certify, either from personal knowledge or from satisfactory evidence, that the person appearing before the notary public and making the acknowledgement is the person whose

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND, AND MOTION TO DISMISS ~ 16

true signature is on the document."  RCW 42.44.080(1), (3).  The notary's signature and seal or stamp "are prima facie evidence that the signature of the notary is genuine and that the person is a notary public."  RCW 42.44.080(8). Finding no requirement that the date of the notarization match the date of the execution of the document, the Court concludes that the Plaintiffs do not state a plausible claim for relief on the basis of this argument.

### *"Late" recording of the Appointment of Successor Trustee and Assignment of Deed of Trust*

The Salmons argue repeatedly throughout their complaint, *see* ECF No. 2-3 at 6-11, that it was improper for MERS to assign BAC Home Loans the beneficial interest of the First Deed of Trust and for BAC Home Loans to appoint ReconTrust as successor trustee for the First Deed of Trust *after* BAC Home Loans and ReconTrust issued the Notice of Default to the Salmons on September 1, 2010.

The Court must construe the Deeds of Trust Act to further three basic objectives: "First, the nonjudicial foreclosure process should remain efficient and inexpensive.  Second, the process should provide an adequate opportunity for interested parties to prevent wrongful foreclosure.  Third, the process should promote stability of land titles."  *Cox*, 103 Wn.2d at 387 (internal citation omitted).

The section of the Deeds of Trust Act that sets out the necessary procedures for a trustee's sale requires:

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND, AND MOTION TO DISMISS ~ 17

That at least thirty days before notice of sale shall be recorded, transmitted or served, written notice of default shall be transmitted **by the beneficiary or trustee** to the borrower and grantor at their last known addresses by both first-class and either registered or certified mail, return receipt requested, and the beneficiary or trustee shall cause to be posted in a conspicuous place on the premises, a copy of the notice, or personally served on the borrower and grantor. This notice shall contain the following information: [reciting 12 separate requisite items for inclusion in the notice].

RCW 61.24.030(8) (emphasis added).

The section of the Deeds of Trust Act setting out the process for appointing a successor trustee provides:

The trustee may resign at its own election or be replaced by the beneficiary. The trustee shall give prompt written notice of its resignation to the beneficiary. The resignation of the trustee shall become effective upon the recording of the notice of resignation in each county in which the deed of trust is recorded. If a trustee is not appointed in the deed of trust, or upon the resignation, incapacity, disability, absence, or death of the trustee, or the election of the beneficiary to replace the trustee, the beneficiary shall appoint a trustee or a successor trustee. **Only upon recording the appointment of a successor trustee in each county in which the deed of trust is recorded, the successor trustee shall be vested with all powers of an original trustee**.

RCW 61.24.010(2) (emphasis added).

Defendants represent that "BAC Home Loans (as beneficiary under the Deed of Trust) appointed ReconTrust as Successor Trustee and recorded the appointment on January 25, 2010." ECF No. 5 at 8. However, that recording date appears to be mistaken because the Appointment of Successor Trustee attached to

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND, AND MOTION TO DISMISS ~ 18

the Plaintiffs' complaint, and cited correctly in Defendants' "Facts" section of the memorandum supporting the motion to dismiss, ECF No. 5 at 3-4, indicates that the Appointment of Successor Trustee was executed by BAC Home Loans on September 17, 2010, and recorded on September 23, 2010.  ECF No. 2-3 at 68. Therefore, ReconTrust was not yet the successor trustee of the Salmons' First Deed of Trust.

Although the Deeds of Trust Act defines the moment when a successor trustee is vested with the powers of the original trustee, that Act is silent with respect to the process for appointing a successor beneficiary.  Rather, the assignment of the beneficial interest in a deed of trust is controlled by the language of the First Deed of Trust itself and by RCW 64.04.020, which addresses the requirements for conveyance or assignment of a deed, and RCW 65.08.070, which addresses the recording of real property conveyances.

The First Deed of Trust provides that MERS, as the named beneficiary in that deed, had the right not only to foreclose and sell the subject property, but also to assign the deed to another beneficiary.  ECF No. 2-3 at 45.  Moreover, RCW 65.08.070 provides that when a conveyance is not recorded, or not *promptly* recorded, as the Salmons assert happened here, the rights of the party to whom the beneficial interest is assigned or granted are affected with respect to the rights of good faith purchasers.  However, there is no basis for the Court to find that the

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND, AND MOTION TO DISMISS ~ 19

Salmons' rights under the First Deed of Trust were affected by the recording of the Corporation of Assignment of Deed on September 23, 2010.

In sum, the Deeds of Trust Act provides that either the trustee or the beneficiary must notify the grantor that he or she is in default. RCW 61.24.030(8). ReconTrust sent the Salmons the Notice of Default as agent for the beneficiary, BAC Home Loans. ECF No. 2-3 at 62. The Assignment of Deed of Trust that formally assigned BAC Home Loans the beneficial interest in the First Deed of Trust was also executed on September 17, 2010, and recorded on September 23, 2010. ECF No. 2-3 at 67. Even though the conveyance was recorded after the date of the Notice of Default, MERS appears, by the Salmons' own account, to have transferred its beneficial interest in the First Deed of Trust to BAC Home Loans, as servicer for Bank of America, prior to September 1, 2010. *See, e.g.,* ECF No. 2-3 at 20 (Section of Complaint alleging that Bank of America began collecting mortgage payments from the Salmons around April 1, 2009). Therefore, the Court finds no plausible claim that the requisite trustee's sale procedures were violated here.

The Salmons have not stated a claim for relief on the basis of any "proper ground" to restrain the trustee's sale under RCW 61.24.130(1). Therefore, the Court grants the Defendants' motion to dismiss. *See Moss*, 572 F.3d at 969.

///

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND, AND MOTION TO DISMISS ~ 20

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Remand and Strike, **ECF No. 11**, is **DENIED**;

2. Plaintiffs' Motion to Disqualify Counsel, **ECF No. 22**, is **DENIED**; and

3. Defendants' Motion to Dismiss, **ECF No. 4**, is **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(6).

4. This action is **DISMISSED WITH PREJUDICE** and **without costs** as to any party.

5. Any other pending motions are **DENIED AS MOOT.**

6. Any court hearings are hereby **STRICKEN.**

The District Court Executive is directed to enter this Order, provide copies to Plaintiffs and counsel, enter judgment, and **close the file**.  The District Court Executive is **further directed** to amend the caption in this matter to reflect that: (1) "ReconTrust Company, N.A." is a Defendant herein, rather than "ReconTrust"; and (2) "Mortgage Electronic Registration Systems, Inc." is a Defendant herein, rather than "M.E.R.S."

**IT IS SO ORDERED**.

**DATED** this 25th day of May, 2011.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER RESOLVING MOTION TO STRIKE, MOTION TO REMAND,
AND MOTION TO DISMISS ~ 21