Samuel Salmon                          Judge Rosanna Malouf Peterson
Roxy Salmon
Salmon Residence
917C Philpott Rd.
Colville, WA 99114
Telephone: 509-684-8841
Email: srslunop@gmail.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

AT SPOKANE

| | |
|---|---|
| Samuel Salmon and Roxy Salmon, | Case No.  2:10-CV-00446-RMP |
| Plaintiff, | MEMORANDUM IN SUPPORT OF: MOTION FOR MOTION TO RECONSIDER |
| vs. | |
| Bank of America, N.A., Recontrust, | |
| M.E.R.S., M.E.R.S.corp Inc., | |
| Defendant | |

1) Comes now the Plaintiffs hereinafter (the Salmons) before the Court with this **MOTION TO RECONSIDER THE SALMONS MOTIONS AND THE ORDER TO DISMISS** for these reasons:

a) Bank of America, N.A. shows they are not the Notes holder in due course by showing that Federal National Mortgage Association (Fannie Mae) owns the Note as shown in (Salmons' ECF No. 20 Exhibit ..G), thereby rendering the defendants M.E.R.S., and Bank of America, *et al* foreclosure proceedings fraudulent.

Page - Page 1 of 9
Memorandum In Support Of MOTION
TO RECONSIDER
Case No.  2:10-CV-00446-RMP

Salmon Residence
917C Philpott Rd.
Colville, WA 99114
Telephone: 509-684-8841

**b)** BANK OF AMERICA, N.A. in (Salmons' ECF No. 20 Exhibit ..G) not only admit they are not the Notes owner, or beneficiary, but has also attached a forged Note with its payoff demand documents, this is hereby also noted as fraud and forgery pursuant :

i)  RCW 9A.60.020 Forgery to "falsely makes, completes, or alters a written instrument".

ii) 18 USC § 513. Securities of the States and private entities (a) Whoever makes, utters or possesses a counterfeited security of a State or a political subdivision thereof or of an organization, or whoever makes, utters or possesses a forged security of a State or political subdivision thereof or of an organization, with intent to deceive another person, organization, or government shall be fined under this title [1] or imprisoned for not more than ten years, or both.

iii)(c) For purposes of this section—(1) the term "counterfeited" means a document that purports to be genuine but is not, because it has been falsely made or manufactured in its entirety;

iv)To falsely make a Note is forgery, and a punishable crime pursuant 18 US Code § 493 "Whoever falsely makes, forges, counterfeits or alters any Note".

**c)** The defendants also have issued notices of trustee's sale to the Salmons by numerous certified mailings post marked Oct 21, 2010 and May 19, 2011. Attached with the notice of trustee's sale, the envelope(s) contain forged Notes issued to the Salmons. A false Note or forgery was thereby again presented as a debt owed. Several of

Salmon Residence
917C Philpott Rd.
Colville, WA 99114
Telephone: 509-684-8841

these certified notices remain unopened in safe keeping as evidenced of forgery.

**1)** BANK OF AMERICA, N.A.s' FAILURE TO COMPLY WITH
SALMONS' QUALIFIED WRITTEN REQUEST
WITHIN 60 DAYS PURSUANT 12 USC 2605 (e)(2)

1. Bank of America, N.A. failed to respond to the Salmon's qualified written request, or dispute of debt shown in (Salmons' ECF No. 20 Exhibit .J) which was forwarded to BANK OF AMERICA, N.A. via the OFFICE OF THE COMPTROLLER OF THE CURRENCY as shown in (Salmons' ECF No. 20 Exhibit .I) under the OFFICE OF THE COMPTROLLER OF THE CURRENCY case# 01306002, pursuant 12 USC 2605 (e).

   a) BANK OF AMERICA, N.A. ignoring the warnings proceeded to foreclose on the Salmons' real property knowing their claim as the Note's beneficiary was fraud as shown (Salmons' ECF No. 20 Exhibit .G) pursuant RCW 61.24.030(7)(a).

   b) The sixty day time requirement to answer and settle the qualified written request, or dispute of debt pursuant 12 USC 2605 (e)(2) has long since expired.

   c) BANK OF AMERICA, N.A. has failed to provide the required servicing agreement to the Salmons' "Note" shown in ECF No. 20 Exhibit G, pursuant 12 USC 2605 (e).

   d) BANK OF AMERICA, N.A. has failed to correct and settle their account and refund fraudulently collected payments from the Salmons' Note

Page - Page 3 of 9
Memorandum In Support Of MOTION
TO RECONSIDER
Case No.  2:10-CV-00446-RMP

Salmon Residence
917C Philpott Rd.
Colville, WA 99114
Telephone: 509-684-8841

before a legal assignment was filed with the Stevens county recorder (Salmons' ECF No. 20 Exhibit .D) pursuant RCW 65.08.070.

e) The assignment transfer (Salmons' ECF No. 20 Exhibit D) is a fraudulent assignment as the claimant beneficiaries M.E.R.S., and BANK OF AMERICA, N.A. et al,, are not the Note's "holder in due course" therefore not legal parties to the Salmons' Note as their claim states in the assignment pursuant RCW 61.24.005 (2).

   i) Defendant again shows fraud in their alleged position as the qualified loan beneficiary, or servicer pursuant :

   (1)      12 USC 2605 §§ (a) (b) (c). **Notice by transferee of loan servicing at time of transfer**

   (2)      (1)Notice requirement: Each transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer.

**2)** BANK OF AMERICA N.A. *et al*, and MERSCORP *et al,*

HAVE CONSENTED TO:

UNITED STATES OF AMERICA *et al*, CEASE AND DESIST ORDERS

**1.** BANK OF AMERICA, N.A. when claiming to be the beneficiary of the Salmons' Note had knowledge of their criminal fraud as admitted in their own letter shown in ECF No. 20 Exhibit G.

   i) Also Pursuant to the Cease and Desist Consent Orders issued to MERSCORP, Inc., and the Mortgage Electronic Registration Systems,

Page - Page 4 of 9
Memorandum In Support Of MOTION
TO RECONSIDER
Case No.  2:10-CV-00446-RMP

Salmon Residence
917C Philpott Rd.
Colville, WA 99114
Telephone: 509-684-8841

Inc., and Bank of America, N.A. and issued by the UNITED STATES OF AMERICA DEPARTMENT OF THE TREASURY, and COMPTROLLER OF THE CURRENCY *et al,* as shown in CONSENT ORDER OCC No. AA-EC-11-20, Board of Governors Docket Nos. 11-051-B-SC-1, 11-051-B-SC-2, FDIC-11-194b, OTS No. 11-040, FHFA No. EAP-11-01, and OCC No. AA-EC-11-12 finds deficiencies and unsafe or unsound practices identified by the Agencies.

ii) Also as shown in BANK OF AMERICA, N.A.'s letter and Note forgery shown in ECF No. 20 Exhibit G, and in spite of the ATG's letter to the Trustees, and Salmon's original complaint, dispute of debt forwarded to BANK OF AMERICA, N.A. et al, by the OFFICE OF THE COMPTROLLER OF THE CURRENCY as shown in (Salmons' ECF No. 20 Exhibit .J, I, and L).

**2.** The Salmons' concur with these findings that the defendants M.E.R.S., and MERSCORP INC. *et al,* are fraudulent, or "unsafe" in their actions in assigning the deed of trust to BANK OF AMERICA, N.A. et al, a non-beneficiary pursuant RCW 62A.5-109, and RCW 9A.60.050:

a. For misrepresenting themselves as the beneficiary of the Note as defined in RCW 61.24.005 shown in (Salmon's Exhibit A).

b. For misrepresenting themselves as the beneficiary of the Note as defined in RCW 61.24.005 shown in (Salmon's Exhibit B).

c. For misrepresenting themselves as the beneficiary of the Note as defined in RCW 61.24.005 and fraudulently assigning a new beneficiary shown in (Salmons' ECF No. 20 Exhibit ..D).

Page - Page 5 of 9
Memorandum In Support Of MOTION
TO RECONSIDER
Case No.  2:10-CV-00446-RMP

Salmon Residence
917C Philpott Rd.
Colville, WA 99114
Telephone: 509-684-8841

d. For approving the deed of trust assignment signatures which are clearly fraudulent because the signatures are dated several days before they were notarized. Also the signer shown in the position of assistant secretary for M.E.R.S. also holds the same title for Bank of America, and signed for both M.E.R.S. and Bank of America to reassign the beneficiary of the Note shown in (Salmons' ECF No. 20 Exhibit ..D).

e. For these reasons also the Salmons find the security for the Note, or the deed of trust with M.E.R.S., or Bank of America, N.A. et al, as beneficiary to be fraud.

**3.** In light of these findings the Salmons request the court take judicial notice of Salmons' ECF No. 20 Exhibits (A, B, D, G, I, J) pursuant **Fed. R. Evid. 201** as evidence for this Summary Judgment, specifically Salmons' Exhibit .G) in regards to the admit ion that BANK OF AMERICA, N.A. *et al,* is not the beneficiary, or "holder in due course" of the Salmons' Note, or negotiable instrument pursuant **UCC § 3-302.**

a. **Fed. R. Evid. 201**. A district court *must* take judicial notice "if requested by a party and supplied with the necessary information." *Id.* at 201(d). A court may take such notice "at any stage of the proceeding." *Id.* at 201(f).

    i. The Salmons hereby point out that pursuant RCW 61.24 the Washington State Attorney General in his letter to the trustees; the trustees are required to identify the owner of the loan to make sure there is a clear chain of title.

b. WHICH, also means that M.E.R.S. ILLEGALLY assigned Bank of America's subsidiary BANK OF AMERICA, N.A. Home Loans

Page - Page 6 of 9

Memorandum In Support Of MOTION
TO RECONSIDER
Case No.  2:10-CV-00446-RMP

Salmon Residence
917C Philpott Rd.
Colville, WA 99114
Telephone: 509-684-8841

Servicing LP FKA Countrywide Home Loans Servicing LP, as the "beneficiary" by in the "Corporation Assignment of the Deed of Trust", recorded in The Stevens County Recorders Office under file# 2012 0007023 and 2012 0007024 .

4.  The Salmons know that M.E.R.S. is named as "beneficiary" on the deed of trust although this does not mean the Salmons by signing this deed of trust become the authority in defining the term "beneficiary". The very description of the defendant, M.E.R.S. on the face of the deed of trust is evidence of fraud. M.E.R.S. by its own language is merely a nominee and does not comply with the true meaning of beneficiary, and was not referenced on the Note in any form. M.E.R.S. has never, owned, or held the Note neither has any vested interest in the Salmons' real property nor has the authority to collect on the Note, or to assign the Note's security to any party. In short M.E.R.S. actions are entirely illegal in the mortgage business.

5.  The Salmons find M.E.R.S. has devised a system in which to defraud the county assessors, property owners pursuant our US and Local Codes causing their fraud and forgeries to be overlooked in some cases. There claim as beneficiary is outright fraud as M.E.R.S. claim as nominee, does not have enforceable rights as an interested party unless it is the holder in do course, and the real "beneficiary" of the Note. M.E.R.S. was designed from the beginning to be an efficient fraudulent foreclosure machine, and though M.E.R.S. fraud has been exposed several times.

6.  The National Banks and M.E.R.S. can't prove their standing as beneficiary, holder in due course, or servicer because the Note was split from the

Salmon Residence
917C Philpott Rd.
Colville, WA 99114
Telephone: 509-684-8841

security instrument when it was sold to through a REMIC and converted into a stock or RMBS. After this transaction there is no enforcement mechanism available under the deed of trust, because once the deed of trust and Note are split there is no way to rejoin them.

7. The Government Sponsored Enterprise (GSE) who purchased the Note used Government funds, or (US tax dollars) to purchase the Note.

8. Defendants' actions also show fraud because the defendants are not a "party in interest", pursuant R. Civ. P. 17 (a).

9. (08-45120-Peter A. Jacobson and Maria E. Jacobson) UNITED STATES BANKRUPTCY COURT WESTERN DISTRICT OF WASHINGTON; DECISION ON RELIEF FROM STAY; issued by Judge Phillip H. Brandt, entered on Docket Mar. 06, 2009. "CONCLUSION As the motion was not brought in the name of the real party in interest, nor has standing to bring it been established, it will be DENIED. /// — END OF DECISION — ///".

Page - Page 8 of 9
Memorandum In Support Of MOTION
TO RECONSIDER
Case No.  2:10-CV-00446-RMP

Salmon Residence
917C Philpott Rd.
Colville, WA 99114
Telephone: 509-684-8841

## AFFIDAVIT AND DECLARATION

I, Samuel Salmon hereby declare under penalty of perjury under the laws of the United States and the State of Washington that on Tuesday, June 07, 2011, all undersigned statements to be true and correct, and I, Samuel Salmon am competent to state the matters set forth herein, that the contents are true, correct, complete, and certain, admissible as evidence, and reasonable and just in accordance with Affiant's best firsthand knowledge and understanding.

Dated this Tuesday, June 07, 2011

s/ Samuel Salmon
Salmon Residence
917C Philpott Rd.
Colville, WA 99114
Samuel Salmon
Roxy Salmon

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, June 07, 2011, I filed the foregoing document with the Clerk of Court. I certify that a true and correct copy of said document was sent to all case participants in the following manner: CM/ECF.

List Of Alleged Participants:                    Tuesday, June 07, 2011

s/ Samuel Salmon

Lane Powell Office

John S. Devlin III WSBA # 23988

Abraham K. Lorber, WSBA # 40688

Salmon Residence
917C Philpott Rd.
Colville, WA 99114
Samuel Salmon
Roxy Salmon

Page - Page 9 of 9
Memorandum In Support Of MOTION
TO RECONSIDER
Case No.  2:10-CV-00446-RMP

Salmon Residence
917C Philpott Rd.
Colville, WA 99114
Telephone: 509-684-8841